IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEVIN STOCKTON PLAINTIFF

vs. Civil No. 6:12-cv-06037

CAROLYN COLVIN DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Kevin Stockton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for SSI, was filed on February 11, 2009. (Tr. 8, 82-83). Plaintiff alleged he was disabled due to a fractured back and left ankle. (Tr. 94). Plaintiff alleged an onset date of August 4, 2006. (Tr. 82, 95). This application was denied initially and again upon reconsideration. (Tr. 42-47). Thereafter, Plaintiff requested an administrative hearing on his

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

application and this hearing request was granted. (Tr. 48).

Plaintiff's administrative hearing was held on April 14, 2010. (Tr. 19-35). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *Id.* Plaintiff testified at this hearing. *Id.* At the time of this hearing, Plaintiff was twenty-one (21) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a tenth grade education. (Tr. 23-24).

On September 17, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 8-14). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 11, 2009. (Tr. 10, Finding 1). The ALJ also determined Plaintiff had the severe impairment of L1-2 burst fracture and rupture of the left tibialis anterior tendon. (Tr. 10, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 10, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 11-13). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of sedentary work. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 13, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 13-14, Finding 9). The ALJ then used Medical-Vocational Guidelines Rule 201.24 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20

C.F.R. pt. 404, subpt. P, app. 2, § 201.21. (Tr. 14). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of the decision. (Tr. 14, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 81). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On March 13, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 17, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7, 8. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in assessing Plaintiff's RFC

and (B) in assessing Plaintiff's credibility. ECF No. 7, Pgs. 2-8. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 8.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for the full range of sedentary work. (Tr. 11, Finding 4). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 7, Pgs. 3-7. However, substantial evidence supports the ALJ's RFC determination finding Plaintiff

capable of performing the full range of sedentary work.[2]

On August 4, 2006, over two years prior to the relevant period, Plaintiff sustained burst fractures at levels L1-2 of the lumbar spine, and a rupture of the left tibialis anterior tendon in his ankle. (Tr. 11, 162-164, 167, 169-170). Plaintiff had back surgery with placement of hardware. (Tr. 153-154, 157-159, 176, 179-181). Plaintiff also had surgery on his left tendon of his ankle. (Tr. 148- 149, 155-156). The medical record shows no treatment received in 2007 or 2008.

On January 12, 2009, Plaintiff was seen at the Amity Community Health Clinic. (Tr. 210). Plaintiff complained of worsening back pain and the physician prescribed medication for his low back pain. *Id.* On July 27, 2009, Plaintiff was seen at the clinic and was seeking medication refills for low back pain. (Tr. 242). The report indicates a drug screen was positive and Plaintiff admitted smoking marijuana. *Id.* Plaintiff returned to the clinic on August 27, 2009 and did not mention back pain, but was seeking treatment for sexually transmitted diseases. (Tr. 241).

On October 13, 2009, Plaintiff was seen following a car accident and was complaining of abdominal and shoulder pain, but had no complaints of back pain. (Tr. 240). Plaintiff returned to the clinic on December 16, 2009 and was complaining of shoulder pain and was prescribed medication. (Tr. 239). It appears Plaintiff was last seen at the clinic on January 12, 2010. (Tr. 238). Physical therapy for his back pain was prescribed. *Id.* There are no further records of treatment over the next eight months until the ALJ issued his decision on September 17, 2010.

On May 12, 2009, a consultative general physical examination was performed on Plaintiff by Dr. Brian Oge. (Tr. 220-224). Dr. Oge indicated Plaintiff had full range of motion in his

---

[2]Because SSI benefits are not payable prior to the date of the application, the relevant period under consideration with respect to Plaintiff's claim begins with his application date of February 11, 2009, and continues through September 17, 2010, the date of the ALJ's decision. *See Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

shoulders, elbows, wrists, hands, hips, knees, and cervical spine, and limited range of motion to his ankle and lumbar spine. (Tr. 222). Dr. Oge found no evidence of muscle spasms, weakness, atrophy, or sensory abnormalities. (Tr. 223). Dr. Oge indicated Plaintiff's gait and coordination were normal but found Plaintiff had moderate limitations on prolonged standing and walking, and moderate limitations on prolonged postural activities. (Tr. 223-224).

On June 5, 2009, Dr. Alice Davidson completed a Physical RFC Assessment on Plaintiff. (Tr. 227-234). Dr. Davidson found Plaintiff was capable of performing light work activity with postural limitations. *Id.* Dr. Bill Payne agreed with Dr. Davidson's assessment in his report of August 11, 2009. (Tr. 237).

Dr. Ted Honghiran performed a Consultative Orthopedic Examination on Plaintiff on May 4, 2010. (Tr. 244-253). Dr. Honghiran indicated Plaintiff had severely limited range of motion of the lumbar spine but had normal reflexes and sensation in both knees and ankles on both sides. (Tr. 245, 253). Additionally, Dr. Honghiran found Plaintiff had full range of motion in his left ankle with no pain or swelling. *Id*. Dr. Honghiran indicated Plaintiff had the ability to sit for 4 hours in an 8-hour workday; stand for 2 hours in an 8-hour workday; and walk for 2 hours in an 8-hour workday, for a total of 8 hours. (Tr. 247). Finally, Dr. Honghiran recommended Plaintiff return to school to obtain his GED and seek vocational training. (Tr. 253).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing the full range of sedentary work. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

The ALJ found Plaintiff did not have non-exertional limitations and had RFC to perform the full range of sedentary work. (Tr. 11, Finding 4). Substantial evidence supports this finding. As a result, the ALJ used Medical-Vocational Guidelines Rule 201.24 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.22.

Having already found the ALJ's RFC determination is supported by sufficient medical evidence, the court finds the ALJ's use of Medical-Vocational Grids to reach a conclusion of "not disabled." is also supported by substantial evidence.

**B. ALJ's Credibility Determination**

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 7, Pages 7-8. Specifically, Plaintiff claims the ALJ erred by failing to make specific findings as to the relevant evidence considered in deciding to discredit Plaintiff's testimony. *See id.* In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 8, Pages 13-16.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints as required by *Polaski.* The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. §

416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 12-13). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff's medication has been effective in controlling his symptoms with no side effects, and (5) Physicians recommended he obtain his GED and pursue vocational training. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **24th day of April 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE